UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re | ) | |
|     TRIPTELEVISION, LLC | ) | Case No. 15-22647-MER |
| | ) | Chapter 7 |
|     Debtor(s) | ) | |

| | | |
|---|---|---|
|     DAVID V. WADSWORTH | ) | Adversary Proceeding No. |
|     Chapter 7 Trustee, | ) | |
| | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
|     RICH MEDIA EXCHANGE, LLC | ) | |
|     STREAMSIDE PRODUCTIONS, LLC | ) | |
|     KULIN STRIMBU | ) | |
| | ) | |
|     Defendant | ) | |
| | ) | |

**COMPLAINT**

David V. Wadsworth, Chapter 7 trustee, through his undersigned counsel, The Johnson Law Firm, for his Complaint against Defendants Rich Media Exchange, LLC, Streamside Productions, LLC and Kulin Strimbu, states and alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and (e).

2. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(H).

3. Venue in this district is proper under 28 U.S.C. § 1409(a).

4. This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure.

5. Plaintiff consents to entry of final orders or judgment by the bankruptcy court in

-1-

this adversary proceeding.

## GENERAL ALLEGATIONS

6. TripTelevision, LLC (the "Debtor") filed for relief under Chapter 7 of the Bankruptcy Code on or about November 13, 2015 (the "Petition Date").

7. David V. Wadsworth is the duly appointed Chapter 7 Trustee of the Debtor's bankruptcy estate.

8. Upon information and belief, Defendant Kulin Strimbu ("Strimbu") is an individual residing at 10151 Alexa Lane, Highlands Ranch, CO 80130.

9. Upon information and belief, Defendant Rich Media Exchange, LLC ("Rich Media") is a Colorado limited liability company with its principal place of business located at 7200 S. Alton Way, Suite A-190, Centennial, CO 80112.

10. Upon information and belief, Defendant Streamside Productions, LLC ("Streamside") is a Nevada limited liability company with its principal place of business located at 7200 S. Alton Way, Suite A-190, Centennial, CO 80112.

11. According to the Colorado Secretary of State, Rich Media and Streamside's principal place of business was also the Debtor's principal office mailing address.

12. Upon information and belief, at all relevant times, Defendant Strimbu was the CEO of the Debtor.

13. Strimbu signed the Debtor's bankruptcy petition.

14. Upon information and belief, at all relevant times, Strimbu was in charge of the operations and management of the Debtor.

15. Upon information and belief, Strimbu was and is the largest shareholder of the Debtor, through revocable trust in the name of her and her husband, Peter Strimbu.

16. Upon information and belief, Strimbu owns 98% of Rich Media and her husband owns the remaining 2%.

17. Upon information and belief, Strimbu is the founder, president, CEO, and/or sole manager of Rich Media, and is in charge of all of Rich Media's business operations.

18. Upon information and belief, Strimbu is the manager and 50% owner of Streamside through a revocable trust in the name of her husband and herself.

19. Upon information and belief, Rich Media operates the same business as the Debtor, performing the same services as did the Debtor, for essentially the same clients as did the Debtor, pursuant to the essentially same or similar contracts as the Debtor.

20. Upon information and belief, on December 4, 2013, Volume Public Relations, LLC ("VPR") commenced an action against the Debtor in Douglas County Colorado District Court styled *Volume Public Relations, LLC v. TripTelevision, LLC*, 13-CV-20905 (the "VPR Litigation").

21. Upon information and belief, after becoming aware of the VPR Litigation or the possibility for a VPR lawsuit, the Debtor, acting through Strimbu, shut down its business operations under the name of TripTelevision, and transferred, without consideration, all of its tangible and intangible assets, including but not limited to its business goodwill, its contracts, its customer lists, its employees, its contractors, its services, its skills and its knowledge, and every other aspect of its assets, first to Streamside and subsequently to Rich Media on May 1, 2015 for the purported price of $1,600,000.00.

22. Upon information and belief, no money has been paid by Rich Media to Streamside on account of the purported sale of the Debtor's tangible and intangible assets by Streamside.

23. Collectively, the transfer of the Debtor's tangible and intangible assets first to Streamside and subsequently to Rich Media is hereinafter referred to as the "Transfer."

24. Upon information and belief, the transfer of assets of the Debtor, without consideration, from the Debtor to Streamside and ultimately to Rich Media, was done with the actual intent to hinder, delay, or defraud creditors of the Debtor.

25. Upon information and belief, on April 28, 2015, a judgment was entered against the Debtor and in favor of VPR in the amount of $55,298.56 (the "VPR Judgment").

26. In addition to the VPR Judgment, the Debtor lists additional creditors and claims on its schedules, including a $150,000.00 claim by Charles Fryberger for breach of contract and copyright infringement.

## FIRST CLAIM FOR RELIEF
### (Fraudulent Transfer - 11 U.S.C. §§ 548(a)(1)(A) and 550(a) against Streamside and Rich Media)

27. The Trustee incorporates by this reference the allegations contained in Paragraphs 1 through 26 above as though more fully set forth in this First Claim for Relief.

28. From 2013 through the Petition Date, the Debtor was indebted to, among others, VPR and Fryberger.

29. The Debtor was insolvent at the time of the Transfer.

30. The Debtor received no consideration for the Transfer.

31. The Transfer occurred within two years of the Petition Date.

32. The Transfer was made with the actual intent to hinder, delay, or defraud creditors.

33. The Debtor exhibited at least the following badges of actual intent to defraud under Colorado state law pursuant to C.R.S. § 38-8-105(2) through the Transfer:

    a. C.R.S. § 38-8-105(2)(a), the Transfer was made to an insider;

    b. C.R.S. § 38-8-105(2)(b), the Transfer allowed Strimbu to maintain control of the Debtor's assets and business;

    c. C.R.S. § 38-8-105(2)(c), in its bankruptcy petition and schedules, the Debtor concealed the Transfer;

    d. C.R.S. § 38-8-105(2)(d), the Transfer occurred after the commencement of the VPR litigation;

    e. C.R.S. § 38-8-105(2)(e), the Transfer occurred as part of a plan to transfer substantially all of the Debtor's assets and use those assets so principals of the Debtor can maintain ownership, control and operation of the Debtor's pre-petition business;

    f. C.R.S. § 38-8-105(2)(g), in its bankruptcy petition and schedules, the Debtor concealed the Transfer;

    g. C.R.S. § 38-8-105(2)(h), the Debtor did not receive reasonably equivalent value for the Transfer;

    h. C.R.S. § 38-8-105(2)(i), the Transfer was made while the Debtor was insolvent;

    i. C.R.S. § 38-8-105(2)(j), the Transfer occurred after the Debtor became aware of the VPR Litigation.

34. Defendant Rich Media is a mediate transferee pursuant to 11 U.S.C. § 550(a)(2).

35. As a result of the foregoing, the Transfer is avoidable by the Trustee pursuant to 11 U.S.C. § 548(a)(1)(A) against Streamside and Rich Media.

WHEREFORE, the Trustee respectfully requests that the Court enter judgment in his favor and against Streamside and Rich Media, jointly and severally: (a) avoiding the Transfer pursuant to 11 U.S.C. § 548(a)(1)(A); (b) authorizing, pursuant to 11 U.S.C. § 550(a), the recovery of the value of the Transfer; and (c) granting such other relief as the Court deems appropriate.

### SECOND CLAIM FOR RELIEF
**(Fraudulent Transfer - 11 U.S.C. §§ 548(a)(1)(B) and 550(a) against Streamside and Rich Media))**

36. The Trustee incorporates by this reference the allegations contained in Paragraphs 1 through 35 above as though more fully set forth in this Second Claim for Relief.

37. The Debtor was insolvent at the time of the Transfer.

38. The Debtor received no consideration for the Transfer.

39. The Transfer occurred within two years of the Petition Date.

40. On the dates of the Transfer, Debtor was either:

   a. insolvent or became insolvent as a result of the Transfer;

   b. engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with its was an unreasonably small capital; or,

   c. intended to incur, or believed that she would incur, debts that would be beyond its ability to pay as such debts matured.

41. Defendant Rich Media is a mediate transferee pursuant to 11 U.S.C. § 550(a)(2).

42. As a result of the foregoing, the Transfer is avoidable by the Trustee pursuant to 11 U.S.C. § 548(a)(1)(B) against Streamside and Rich Media.

WHEREFORE, the Trustee respectfully requests that the Court enter judgment in his favor and against Streamside and Rich Media, jointly and severally: (a) avoiding Transfer pursuant to 11 U.S.C. § 548(a)(1)(B); (b) authorizing, pursuant to 11 U.S.C. § 550(a), the

recovery of the value of the Transfer; and (c) granting such other relief as the Court deems appropriate.

### THIRD CLAIM FOR RELIEF
### (Fraudulent Transfer – C.R.S. §§ 38-8-105(1)(a) and 108(1)(c), 11 U.S.C. §§ 544(b)(1) and 550(a) against all Defendants)

43. The Trustee incorporates by this reference the allegations contained in Paragraphs 1 through 42 above as though more fully set forth in this Third Claim for Relief.

44. The Debtor was insolvent at the time of the Transfer

45. The Debtor received no consideration for the Transfer.

46. The Transfer occurred within four years of the Petition Date.

47. The Transfer was made with the actual intent to hinder, delay, or defraud creditors of the Debtor, including but not limited to VPR and Fryberger.

48. Defendants knowingly participated and assisted the Debtor with its plan to hinder, delay and defraud creditors through the Transfer.

49. The Transfer occurred within four years of the date of this Complaint.

50. The Debtor exhibited at least the following badges of actual intent to defraud under Colorado state law pursuant to C.R.S. § 38-8-105(2) through the Transfer:

51. The Debtor exhibited at least the following badges of actual intent to defraud under Colorado state law pursuant to C.R.S. § 38-8-105(2) through the Transfer:

   a. C.R.S. § 38-8-105(2)(a), the Transfer was made to an insider;

   b. C.R.S. § 38-8-105(2)(b), the Transfer allowed Strimbu to maintain control of the Debtor's assets and business;

   c. C.R.S. § 38-8-105(2)(c), in its bankruptcy petition and schedules, the Debtor concealed the Transfer;

   d. C.R.S. § 38-8-105(2)(d), the Transfer occurred after the commencement of the VPR litigation;

   e. C.R.S. § 38-8-105(2)(e), the Transfer occurred as part of a plan to transfer substantially all of the Debtor's assets and use of those assets so principals of

      the Debtor can maintain ownership, control and operation of the Debtor's business;

   f. C.R.S. § 38-8-105(2)(g), in its bankruptcy petition and schedules, the Debtor concealed the Transfer;

   g. C.R.S. § 38-8-105(2)(h), the Debtor did not receive reasonably equivalent value for the Transfer;

   h. C.R.S. § 38-8-105(2)(i), the Transfer was made while the Debtor was insolvent;

   i. C.R.S. § 38-8-105(2)(j), the Transfer occurred after the Debtor became aware of the VPR Litigation.

52. As a result of the foregoing, the Transfer is deemed fraudulent pursuant to C.R.S. § 38-8-105(1)(a) and 11 U.S.C. 544(1)(b) with respect to creditors of the Debtor's bankruptcy estate.

53. Pursuant to C.R.S. § 38-8-108(1)(c) and 11 U.S.C. § 544(b)(1), the Trustee is entitled to a judgment against Defendants for one and one-half times the value of Transfer or for one and one-half times the amount necessary to satisfy creditors of the Debtor' bankruptcy estate, whichever is less, together with the Trustee's actual costs.

54. To the extent that judgment is entered against Defendants pursuant to this Third Claim for Relief, 11 U.S.C. § 550(a) entitles the Trustee to recover, for the benefit of the estate, the amount of the judgment entered.

WHEREFORE, the Trustee respectfully requests that the Court enter judgment in his favor and against the Defendants, jointly and severally: (a) awarding the Trustee pursuant to C.R.S. §§ 38-8-105(1)(a) and 108(1)(c) and 11 U.S.C. § 544(b)(1) one and one-half times the value of the Transfer or for one and one-half times the amount necessary to satisfy the creditors of the Debtor' bankruptcy estate, whichever is less, together with the Trustee's actual costs; (b) authorizing, pursuant to 11 U.S.C. § 550(a), the recovery of one and one-half times the value of the Transfer or for one and one-half times the amount necessary to satisfy the creditors of the Debtor' bankruptcy estate, whichever is less, together with the Trustee's actual costs; and (c) granting such other relief as the Court deems appropriate.

### FOURTH CLAIM FOR RELIEF
**(Fraudulent Transfer – C.R.S. §§ 38-8-105(1)(b), 106 and 108(1)(a), 11 U.S.C. §§ 544(b)(1) and 550(a) against all Defendants)**

55. The Trustee incorporates by this reference the allegations contained in Paragraphs

1 through 54 above as though more fully set forth in this Fourth Claim for Relief.

      56.     The Debtor was insolvent at the time of the Transfer.

      57.     The Debtor received no consideration for the Transfer.

      58.     The Transfer occurred within four years of the Petition Date.

      59.     At the time the Transfer, the Debtor:

        a.   Was engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction; or

        b.   Intended to incur, or believed or reasonably should have believed that she would incur, debts beyond its ability to pay as they became due.

      60.     As a result of the foregoing, the Transfer is avoidable pursuant to C.R.S. §§ 38-8-105(1)(b), 106 and 108(1)(a) and 11 U.S.C. 544(b)(1) to the extent necessary to satisfy the creditors of the Debtor's bankruptcy estate.

WHEREFORE, the Trustee respectfully requests that the Court enter judgment in his favor and against the Defendants, jointly and severally: (a) avoiding the Transfer pursuant to C.R.S. § 38-8-108(1)(a) and 11 U.S.C. § 544(b)(1) to the extent necessary to satisfy the creditors of the Debtor' bankruptcy estate; (b) authorizing, pursuant to 11 U.S.C. § 550(a), the recovery of the value of the Transfer or the amount necessary to satisfy the creditors of the Debtor' bankruptcy estate, whichever is less; and (c) granting such other relief as the Court deems appropriate.

## FIFTH CLAIM FOR RELIEF
**(Civil Conspiracy – All Defendants)**

      61.     The Trustee incorporates by this reference the allegations contained in Paragraphs 1 through 60 above as though more fully set forth in this Fifth Claim for Relief.

      62.     Under Colorado law, a civil conspiracy claim requires: (1) two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object or course of action, (4) an unlawful overt act, and (5) damages as the proximate result. *Jet Courier Serv., Inc. v. Mulei*, 771 P.2d 486, 502 (Colo. 1989); *Nelson v. Elway*, 971 P.2d 245, 250 (Colo. App. 1998).

      63.     The Debtor and the Defendants sought to hinder, delay, or defraud creditors of the Debtor, including VPR and Fryberger.

      64.     The Debtor and the Defendants devised and agreed upon a plan to fraudulently

transfer all of the Debtor's tangible and intangible assets first to Streamside and ultimately to Rich Media.

65. The Transfer violated the Colorado Uniform Fraudulent Transfer Act, C.R.S. § 38-8-101 *et seq*.

66. Creditors of the Debtor damaged by the actions of the Debtor and the Defendants as it reduced the assets of the Debtor against which the Debtor's creditors could collect.

WHEREFORE, the Trustee respectfully requests that the Court enter judgment against the Defendants, jointly and severally, for the Colorado Uniform Fraudulent Transfer Act, C.R.S. § 38-8-101 *et seq*. violations set forth in the Trustee's Third and Fourth Claims for Relief above and granting such other relief as the Court deems appropriate.

DATED November 9, 2017.

THE JOHNSON LAW FIRM

/s/Lars Johnson
*Original Signature on File*
Lars Johnson, #34344
PO Box 10
Eagle, CO 81631
Phone: 970-688-0436
Lars_johnson@me.com
ATTORNEYS FOR THE TRUSTEE