## SETTLEMENT AGREEMENT AND RELEASE

This SETTLEMENT AGREEMENT AND RELEASE (the "Agreement") is made and executed as of the 13th day of _____July_____, 2018, by and between the bankruptcy estate of TripTelevision, LLC through the bankruptcy trustee David V. Wadsworth ("Trustee") on the one hand, and Rich Media Exchange, LLC, Streamside Productions, LLC and Kulin Strimbu (together, the "Defendants") on the other hand;

W I T N E S S E T H:

WHEREAS, Trustee is the duly appointed Chapter 7 trustee of the bankruptcy estate of TripTelevision, LLC (the "Debtor") in the United States Bankruptcy Court for the District of Colorado, Case No. 15-22647-MER;

WHEREAS, Trustee alleged claims of civil conspiracy and fraudulent transfer against Defendants pursuant to 11 U.S.C. § 548 and the Colorado Uniform Fraudulent Transfer Act, C.R.S. § 38-8-101 *et seq* relating to the alleged transfer all of the Debtor's tangible and intangible assets, including but not limited to its business goodwill, its contracts, its customer lists, its employees, its contractors, its services, its skills and its knowledge, and every other aspect of its assets, first to Streamside Productions, LLC and subsequently to Rich Media Exchange (the "Transfer");

WHEREAS, on November 9, 2017, Trustee commenced an adversary proceeding regarding the Transfer in the United States Bankruptcy Court for the District of Colorado against the Defendants styled *Wadsworth v. Rich Media Exchange, LLC et al*, Adversary Proceeding Number 17-01532-MER (the "Adversary Proceeding");

WHEREAS, on December 22, 2017, Defendants answered the Trustee's complaint, denying the Trustee's claims and asserting affirmative defenses; and

WHEREAS, Trustee and Defendants now desire to settle and to resolve, on the terms set forth in this Agreement, all claims and disputes between them relating to the Adversary Proceeding;

NOW, THEREFORE, in consideration of the foregoing and the mutual covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which hereby are acknowledged, the parties agree as follows:

1. <u>Bankruptcy Court Approval</u>. This Agreement is subject to, and shall not become effective, until it is approved by written Order of the United States Bankruptcy Court for the District of Colorado. Upon execution and delivery of this Agreement, the Trustee's counsel shall prepare and file a motion seeking bankruptcy approval of the Agreement. If the Bankruptcy Court fails to enter an Order approving the material terms of this Agreement, the Agreement shall be null and void and have no further force and effect.

2. <u>Settlement Payment</u>. Defendants shall pay to the Trustee the sum of $40,000.00 (the "Settlement Amount") by checks payable to "David V. Wadsworth, Trustee" and delivered to David V. Wadsworth, Trustee, 2580 West Main Street, Suite 200, Littleton, CO 80120. The Settlement Amount shall be paid in seven installments with the first payment of $10,000.00 due

within 30 days of Bankruptcy Court approval of this Agreement, and 6 installment payments of $5,000.00 due on or before the first of each month beginning in October 2018 (e.g., payments are due October 1, 2018, November 1, 2018, December 1, 2018, January 2, 2019, February 1, 2019, and March 1, 2019)  Defendants shall have a grace period of no later than 5 days after the payments are due to make the payment due, plus a late fee of $250.  Any failure to pay after the grace period shall be deemed a default and trigger the remedies contained in this Agreement.

3. **Confession of Judgment.**  In the event that Defendants fail to timely make any payment in full pursuant to paragraph 2 of this Agreement, Rich Media Exchange, LLC, Streamside Productions, LLC and Kulin Strimbu shall be deemed to have confessed to a judgment, jointly and severally, in the amount of $279,288.18, plus attorney fees and costs of collection in favor of the Trustee, which amount constitutes the amount the Trustee would recover if he were to prevail on his claims in the Adversary Proceeding plus costs of collection.

4. **Trustee's Release.**  Upon Bankruptcy Court approval of this Agreement and receipt and negotiation of the Settlement Amount, the Trustee, on behalf of himself, and his heirs, successors and assigns, hereby remises, releases, acquits, and forever discharges Defendants, their attorneys, and theirs heirs, successors and assigns, of and from any and all liability, obligation, claims, actions, causes of action, demands, damages, punitive damages, treble damages, statutory penalties, costs, attorney's fees, and/or expenses whatsoever arising out of or relating to the Adversary Proceeding.

5. **Defendants' Release.**   Defendants, on behalf of themselves and their heirs, successors and assigns, hereby remise, release, acquit, and forever discharge the Trustee, his attorneys, and his heirs, successors and assigns, of and from any and all liability, obligation, claims, actions, causes of action, demands, damages, punitive damages, treble damages, statutory penalties, costs, attorney's fees, and/or expenses whatsoever arising out of or relating to the Adversary Proceeding.

6. **Dismissal of Adversary Proceeding.**  Upon Bankruptcy Court approval of this Agreement and receipt and negotiation of the full Settlement Amount, the parties authorize and direct Trustee's counsel to file a motion to dismiss the Adversary Proceeding in the Bankruptcy Court.

7. **Fees and Costs.**  Upon entry of a final and non-appealable order approving this Agreement and after payment of the Settlement Amount, each party shall bear his, her or its own attorney fees and costs.

8. **Enforcement of Agreement.**  In addition to all other available remedies, this Agreement shall be specifically enforceable by any party, and in the event of the failure of any party or parties to comply with the terms of this Agreement, equitable and/or legal relief may be sought by the party to the defaulting or breaching party.  In the event of litigation to enforce the provisions of this Agreement, the prevailing party or parties shall recover reasonable attorney fees and costs from the non-prevailing party or parties.

9. **Voluntary Agreement.**  The parties hereby affirm and acknowledge that they have read and reviewed the Settlement Agreement, and that they fully understand and appreciate the meaning of each of its terms, and that it is a voluntary, full and final compromise of the claims and actions.

10. **Authorship**. This Agreement shall not be construed against any party preparing it, but shall be construed as if all the parties jointly prepared it, and any uncertainty or ambiguity shall not be interpreted against any party based on authorship.

11. **Authority**. This Agreement has been duly authorized by each of the parties after consultation with counsel, and the undersigned do fully understand the terms of this Agreement and have the express authority to enter into this Agreement.

12. **Governing Law**. This Agreement shall be governed by and construed in accordance with the law and rules applicable in the United States Bankruptcy Court for the District of Colorado. Where state or substantive law other than the Bankruptcy Code controls, this Settlement Agreement shall be governed by the substantive law of the State of Colorado, without regard to its choice of law rules.

13. **Forum**. Any controversies regarding this Agreement shall be resolved in the United States Bankruptcy Court for the District of Colorado. Any action relating to, based upon, or arising from a breach of this Agreement shall be brought only in the United States Bankruptcy Court or the United States District Court for the District of Colorado, which shall retain jurisdiction over the subject matter and parties for this purpose.

14. **Binding Nature**. This Agreement shall inure to the benefit of, and be binding upon, the respective agents, predecessors, successors, and assigns of the parties, the creditors and the estate.

15. **Counterparts**. This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original and all of which shall constitute one and the same instrument. A facsimile or PDF version of a signature shall be deemed an original and shall be enforceable as if it is an original signature.

IN WITNESS HEREOF, the parties hereto have executed this Agreement as of the date first set forth above.

CHAPTER 7 TRUSTEE

_____
David V. Wadsworth, Chapter 7 bankruptcy trustee for TripTelevision, LLC's bankruptcy estate

DEFENDANT RICH MEDIA EXCHANGE, LLC

By: _____Kulin L Strimbu_____
Its: _____President/CEO_____

DEFENDANT STREAMSIDE PRODUCTIONS, LLC

By: _____Kulin L Strimbu_____
Its: _____President/CEO_____

DEFENDANT KULIN STRIMBU

_____