UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

In re                                                        )
    TRIPTELEVISION, LLC                     )        Case No. 15-22647-MER
                                             )        Chapter 7
                             Debtor(s)       )
_____

**NOTICE OF THE JOHNSON LAW FIRM'S FIRST AND FINAL APPLICATION FOR ALLOWANCE OF ATTORNEY FEES AND EXPENSES**
_____

**OBJECTION DEADLINE: MARCH 28, 2019.**

    **YOU ARE HEREBY NOTIFIED** that The Johnson Law Firm ("JLF") has filed an **APPLICATION FOR ALLOWANCE OF ATTORNEY FEES AND EXPENSES** with the bankruptcy court and requests the following relief: approval of attorney fees in the amount of $13,333.33 and expenses in the amount of $119.60, for a total amount of $13,452.93. JLF was employed pursuant to the terms of a Contingent Fee Agreement. The Agreement provides for payment to JLF for services rendered of one-third (33 1/3%) of any monies actually recovered. The Agreement also provides for reimbursement of all reasonable costs and expenses expended by JLF in its representation of the Trustee. JLF recovered $40,000.00 for the benefit of the estate on account of the transfers described below. Under the terms of the Contingent Fee Agreement approved by the Court, JLF is entitled to payment equivalent to 33 1/3% of the $40,000.00 that it recovered, or $13,333.33. During the period for which compensation is sought, JLF provided the following services: researched potential claims of civil conspiracy and fraudulent transfer against Rich Media Exchange, LLC, Streamside Productions, LLC and Kulin Strimbu (together, the "Defendants") pursuant to 11 U.S.C. § 548 and the Colorado Uniform Fraudulent Transfer Act, C.R.S. § 38-8-101 *et seq* relating to the alleged transfer all of the Debtor's tangible and intangible assets; made demand for return of the transfers; drafted and filed complaint; conducted discovery; negotiated settlement for $40,000.00 in exchange for dismissal of the adversary proceeding and a mutual release; drafted settlement agreement; moved for, and received, approval of the settlement.

    JLF believes that the fees and expenses requested are reasonable and necessary in this case, considering the risks involved and the complexity of the legal issues. Payment of the amounts requested by JLF will not prejudice the rights of any creditor in the Chapter 7 case (including the Trustee) holding a claim of equal or higher priority, as there will be sufficient monies in the bankruptcy estate to pay all Chapter 7 administrative claims entitled to priority under 11 U.S.C. 507(a)(2). In addition, there will be monies available for distribution to unsecured creditors.

    If you oppose the motion or object to the requested relief your objection and request for hearing must be filed on or before the objection deadline stated above, served on the movant at the address indicated below, and must state clearly all objections and any legal basis for the objections. The Court will not consider general objections.

    In the absence of a timely, substantiated objection and request for hearing by an interested party, the Court may approve or grant the requested relief without any further notice to creditors or

other interested parties.

Dated:   March 7, 2019.

                              Respectfully submitted,

                              THE JOHNSON LAW FIRM

                              /s/ Lars Johnson
*Original Signature on File*
Lars Johnson, #34344
PO Box 10
Eagle, CO 81631
Phone: 970-688-0436
Lars_johnson@me.com
ATTORNEYS FOR THE TRUSTEE